**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ETENAT ZEGEYE,

    *Plaintiff*,

v.

WELLS FARGO BANK, N.A.,

    *Defendant*.

Civil Action No. 25-2523 (SLS)

Judge Sparkle L. Sooknanan

## MEMORANDUM OPINION

In 2017, Wells Fargo Bank, N.A. (Wells Fargo) initiated foreclosure proceedings against Etenat Zegeye in the Superior Court of the District of Columbia. The D.C. Superior Court ruled in Wells Fargo's favor, rejecting Ms. Zegeye's challenges to the validity of the underlying debt. Ms. Zegeye appealed that ruling and the D.C. Court of Appeals affirmed. Ms. Zegeye also initiated her own lawsuit in D.C. Superior Court to challenge the 2017 ruling, which that court dismissed as claim precluded. Ms. Zegeye brought the instant lawsuit in this Court to challenge those Superior Court foreclosure proceedings, arguing that they violated the Constitution and various federal statutes. The Court understands Ms. Zegeye's allegations that she was treated unfairly in D.C. Superior Court. But this Court's hands are tied. "Congress has specifically required all federal courts to give preclusive effect to state–court judgments whenever the courts of the State from which the judgments emerged would do so[.]" *Allen v. McCurry*, 449 U.S. 90, 96 (1980) (characterizing 28 U.S.C. § 1738). No exception to this well-established rule is presented here, and so the Court must dismiss this case.

## BACKGROUND

The Court draws the facts, accepted as true, from the Plaintiff's Complaint and attachments. *Wright v. Eugene & Agnes E. Meyer Found.*, 68 F.4th 612, 619 (D.C. Cir. 2023). The Court also takes judicial notice of "public documents filed on a court docket." *Lewis v. Parker*, 67 F. Supp. 3d 189, 195 n.6 (D.D.C. 2014).

In 2015, Wells Fargo initiated foreclosure proceedings in D.C. Superior Court against Ms. Zegeye for defaulting on a 2007 loan for $424,000 dollars plus interest. Mot. Dismiss, Ex. B, at 2, ECF No. 9-2. The 2007 loan was partially paid to Ms. Zegeye and partially used to satisfy an earlier loan from 2006. *Id.* at 5. Similarly, proceeds from that 2006 loan were used to satisfy earlier loans, including an approximately $250,000 loan from July 2005 (2005 loan). *Id.* Ms. Zegeye raised two defenses in the foreclosure proceedings. She argued: (1) that the 2007 loan documents were fraudulent, and (2) that Wells Fargo never paid her the proceeds of the $250,000 loan in 2005, thus voiding the 2007 loan for lack of consideration. *Id.* at 4–5. Wells Fargo disputed both defenses. *Id.* In 2017, the D.C. Superior Court granted summary judgment to Wells Fargo. *Id.* at 1.

Ms. Zegeye then appealed to the D.C. Court of Appeals. *Id.* The D.C. Court of Appeals rejected Ms. Zegeye's challenge to the legitimacy of the 2007 loan, deeming her testimony too "vague, conclusory, and self-serving" to support a fraud defense. *Id.* at 4. And the court rejected her argument that Wells Fargo failed to disburse the 2005 loan, reasoning that she "fail[ed] to raise a genuine issue of material fact" because the validity of the 2005 loan "ha[d] no effect" on the 2007 loan underlying the foreclosure proceedings. *Id.* at 5. Accordingly, the D.C. Court of Appeals affirmed the D.C. Superior Court's judgment. *Id.* at 6. The U.S. Supreme Court then denied Ms. Zegeye a writ of certiorari for filing out-of-time. *Zegeye v. Wells Fargo Bank, N.A.*, 141 S. Ct. 2563 (2021).

In 2020, Ms. Zegeye filed a separate lawsuit against Well Fargo in D.C. Superior Court, collaterally attacking the foreclosure proceedings for: (1) tortious interference, (2) failure to provide loan modification, (3) breach of contract, and (4) intentional infliction of emotional distress. Mot. Dismiss, Ex. C, ECF No. 9-3. The D.C. Superior Court dismissed the action on claim preclusion or *res judicata* grounds. *Id.*

In August 2025, Ms. Zegeye filed this action pro se against Wells Fargo for (1) violation of constitutional due process, (2) fraudulent misrepresentation and deceptive practices, (3) racial and national origin discrimination, and (4) abuse of process. Compl., ECF No. 1. Ms. Zegeye asks this Court, among other things, to halt and reopen her foreclosure proceedings for discovery and a jury trial, award compensatory and punitive damages, order a federal investigation into Wells Fargo and certain judicial officers, and restore her credit and public standing. *Id.* at 3.

Wells Fargo moves to dismiss the action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Mot. Dismiss, ECF No. 9. This motion is fully briefed and ripe for review. Opp'n, ECF No. 12; Reply, ECF No. 13.[1]

## LEGAL STANDARD

Under Rule 12(b)(6), a court must dismiss a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts "must construe the complaint in favor of the plaintiff, who must be granted the benefit of

---

[1] Ms. Zegeye filed a surreply "to address" alleged "factual inaccuracies and legal misrepresentations" in Wells Fargo's reply. Surreply, at 1, ECF No. 14. "A party seeking to file a surreply must move the court for leave to file such a surreply." *Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 113 (D.D.C. 2002). Ms. Zegeye did not seek leave to file her surreply. Nonetheless, because Ms. Zegeye is proceeding pro se and nothing in the surreply changes the Court's analysis, the Court will consider the filing.

3

all inferences that can be derived from the facts alleged." *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (quotation omitted). But courts need not accept as true "a legal conclusion couched as a factual allegation," nor an "inference[] . . . unsupported by the facts set out in the complaint.'" *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006) (citations omitted).

A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). "This benefit is not, however, a license to ignore the Federal Rules of Civil Procedure." *Sturdza v. United Arab Emirates*, 658 F. Supp. 2d 135, 137 (D.D.C. 2009) (citation omitted). "Although a pro se complaint must be construed liberally, the complaint must still present a claim on which the Court can grant relief to withstand a Rule 12(b)(6) challenge." *Smith v. Scalia*, 44 F. Supp. 3d 28, 36 (D.D.C. 2014) (cleaned up).

## DISCUSSION

Wells Fargo moves to dismiss this action under Federal Rule of Civil Procedure 12(b)(6), contending that Ms. Zegeye's action is claim precluded by her two prior actions in D.C. courts. Mot. Dismiss 5–7. The Court agrees.

"In our system of jurisprudence the usual rule is that merits of a legal claim once decided in a court of competent jurisdiction are not subject to redetermination in another forum." *Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 485 (1982). The doctrine of claim preclusion or *res judicata* thus provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or *could have been* raised in that action." *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002) (quoting *Allen*, 449 U.S. at 94) (emphasis in original); *see also Patton v. Klein*, 746 A.2d 866, 869–70 (D.C. 1999). When the prior adjudication arose in a state court, "federal courts must give state court judgments the same preclusive effect as would be given by the courts of the state where the judgments emerged[.]" *Smith v. District of Columbia*, 629 F. Supp.

4

2d 53, 57 (D.D.C. 2009) (citing 28 U.S.C. § 1738); *see also Youngin's Auto Body v. District of Columbia*, 775 F. Supp. 2d 1, 5 (D.D.C. 2011) ("Federal courts must accord District of Columbia court judgments the same preclusive effect those judgments would be given by District of Columbia courts.").

The doctrine of claim preclusion is dispositive. The issues raised in Ms. Zegeye's Complaint were fully litigated in courts of competent jurisdiction, barring her from raising them here. Ms. Zegeye appealed the unfavorable D.C. Superior Court ruling in her foreclosure proceedings to the D.C. Court of Appeals and later sought certiorari in the U.S. Supreme Court. *See* Mot. Dismiss, Ex. B; *Zegeye v. Wells Fargo Bank, N.A.,* 141 S. Ct. 2563 (2021). And the D.C. Superior Court then rejected a separate lawsuit from Ms. Zegeye challenging the foreclosure proceedings on claim preclusion grounds. *See* Mot. Dismiss, Ex. C. Under these circumstances, this Court may not hear Ms. Zegeye's claims. *Drake*, 291 F.3d at 66; *Allen*, 449 U.S. at 94; *cf. In re Zegeye*, No. 24-cv-393, 2025 WL 367110, at *4 (D.D.C. Jan. 24, 2025) (reaching the same conclusion in a near-identical case).

Ms. Zegeye nonetheless contends that claim preclusion does not bar her claims. She argues (1) that the 2017 proceeding did not constitute a full and fair litigation, (2) that Wells Fargo never disproved her allegations in the earlier proceeding, and (3) that newly discovered evidence justifies reopening the case. Opp'n 2–3. None of these arguments defeats claim preclusion.

*First*, Ms. Zegeye first argues that the 2017 D.C. Superior Court foreclosure proceedings violated her constitutional due process rights by denying her a full and fair opportunity to ligate her defenses. Opp'n 2, 5. Not so. "[T]o provide a full and fair opportunity to litigate, 'state proceedings need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause.'" *Smith*, 629 F. Supp. 2d at 59 (quoting *Kremer*, 456 U.S.

at 481). And a "plaintiff's failure 'to avail [her]self of the full procedures provided by state law does not constitute a sign of their inadequacy.'" *Id.* (quoting *Kremer*, 456 U.S. at 485). Ms. Zegeye has both appealed and later collaterally attacked the D.C. Superior Court judgment. Mot. Dismiss, Exs. B–C. And Ms. Zegeye does not suggest that she was unable to make these due process arguments in either of those proceedings. Indeed, she merely notes that "[i]f the appellate magistrates were aware of the lower court's unconstitutional and biased ruling, it is deeply troubling that they nonetheless affirmed it." Opp'n 5. Ms. Zegeye thus "cannot argue that [s]he was not provided a full and fair opportunity to litigate the claim where [s]he failed to properly seek appellate review" on the due process question and failed to rase that argument in "additional state court procedures." *Smith*, 629 F. Supp. 2d at 59 (first quoting *Lolling v. Patterson*, 966 F.2d 230, 236 (7th Cir. 1992), and then citing *Sparks v. Kim*, 1998 WL 911832, at *5 (N.D. Miss. Nov. 30, 1998)).

*Second*, Ms. Zegeye claims that in the D.C. court proceedings, Wells Fargo failed to refute her argument that she never received the 2005 loan and that the failure to resolve this issue of fact "preclude[s] dismissal." Opp'n 2. The Court disagrees. Ms. Zegeye's claims arising from the 2005 loan are for alleged knowing misrepresentations, concealment of material evidence, fabrication of documents, and manipulation of mortgage date "to justify illegal foreclosure." Compl. 2. But these issues were already "raised" in the D.C. foreclosure proceedings—even though they were rejected as irrelevant to the foreclosure question. *Drake*, 291 F.3d at 66. So the D.C. Court of Appeals has already rejected this argument. Mot. Dismiss, Ex. B, at 5. And Ms. Zegeye did not bring this claim in her later 2020 suit against Wells Fargo challenging its conduct in those proceedings. *See* Mot.

6

Dismiss, Ex. C. Accordingly, Ms. Zegeye is barred from litigating the same issue here. *See Smith*, 629 F. Supp. 2d at 59.[2]

*Third*, Ms. Zegeye argues that claim preclusion is inapplicable because she discovered new evidence in 2023 that no court has previously considered, suggesting her 2005 loan for $250,000 dollars was dispensed through Travelers Express. Opp'n 2, 12. This, too, does not provide a basis for this Court to hear Ms. Zegeye's claims.

"Newly discovered evidence normally does not prevent the application of *res judicata*." *Wallace v. Skadden, Arps, Slate, Meagher & Flom*, 715 A.2d 873, 887 (D.C. 1998) (cleaned up). "Exceptions to this general principle occur when evidence is either fraudulently concealed or when it could not have been discovered with due diligence." *Guerrero v. Katzen*, 774 F.2d 506, 508 (D.C. Cir. 1985). Fraudulent concealment prevents the application of *res judicata* when: (1) the "fabrication or concealment was a material basis for the judgment" and not "relevant only to a peripheral issue," (2) the plaintiff shows that she "adequately pursued means for discovering the truth available to h[er] in the original action," (3) the plaintiff shows that she "discovered the fraud as soon as might reasonably have been expected," and (4) the plaintiff "offer[s] clear and convincing proof to establish that the evidence underlying the judgment was indeed fabricated or concealed." Restatement (Second) of Judgments § 70, cmt. d. (1982).

Ms. Zegeye cannot get past the first of these factors. In her D.C. Superior Court foreclosure proceedings and ensuing appeal before the D.C. Court of Appeals, Ms. Zegeye contended that "Wachovia never paid out $250,000 from the July 2005 loan." Mot. Dismiss, Ex. B, at 5; *see also*

---

[2] Ms. Zegeye's fraudulent misrepresentation and deceptive practices claim seems to relate only to her efforts to challenge the propriety of the foreclosure proceedings. *See* Comp. 2. To the extent her Complaint can be construed as a standalone challenge to any fraudulent misrepresentations and deceptive practices that occurred when she secured the 2005 loan, such a claim is time barred under D.C. Code § 12-301(8). *See infra* n. 3.

Opp'n 4. Both courts refused to consider this argument, finding that "discrepancies with respect to [that] prior loan[]" had "no effect on defendant's 2007 loan" underlying the foreclosure. Mot. Dismiss, Ex. B, at 5 (citation omitted). Thus, the 2005 loan was not a "material basis for the judgment" in the D.C. foreclosure proceedings, which means that Ms. Zegeye's newly discovered evidence about that loan does not prevent the application of claim preclusion. Restatement (Second) of Judgments § 70, cmt. d. (1982); *cf. Thomas v. Bank of Am.*, No. 21-cv-3242, 2022 WL 4119770, at *5 (D.D.C. Sep. 9, 2022) (newly discovered evidence does not defeat claim preclusion if it does not support any "specific claim [the plaintiff] seeks to bring now that [s]he could not have then").

\*   \*   \*

Ms. Zegeye has twice-over had the opportunity to litigate her claims. She challenged the 2017 judgment both on immediate appeal and in a collateral attack. *See* Mot. Dismiss, Exs. B, C; *Zegeye v. Wells Fargo Bank, N.A.,* 141 S. Ct. 2563 (2021). The D.C. Superior Court ultimately denied Ms. Zegeye's collateral challenge on claim preclusion grounds. *See* Mot. Dismiss, Ex. C. And "Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." *Allen*, 449 U.S. at 96. Ms. Zegeye has not provided a convincing reason why this Court can depart from that principle here and ignore two separate judgments from the D.C. courts.[3]

---

[3] Wells Fargo also argued that Ms. Zegeye's claims for fraudulent misrepresentation, deceptive practices, discrimination, abuse of process, and malicious prosecution are time barred. Mot. Dismiss 8–11. The Court informed Ms. Zegeye that if she failed to address any arguments in Wells Fargo's motion, it may treat them as conceded. *See* Fox/Neal Order, ECF No. 11. Ms. Zegeye's opposition failed to address these arguments. *See generally* Opp'n. So putting aside claim preclusion, these arguments are an independent basis to grant the motion to dismiss those claims. *See Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003) ("It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive

## CONCLUSION

For the foregoing reasons, the Court grants the Defendant's Motion to Dismiss, ECF No. 9. The Court denies as moot the Plaintiff's Motion for Judicial Attention, ECF No. 15.

A separate order will issue.

---

SPARKLE L. SOOKNANAN
United States District Judge

Date:   February 2, 2026

---

motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.").